UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NEW HAMBURG TERMINAL                      :
CORPORATION and MORGAN FUEL AND           :
HEATING CO., INC.,                        :  **MEMORANDUM OPINION**
        Plaintiffs,                   :  **AND ORDER**
                                          :
v.                                        :  15 CV 8182 (VB)
                                          :
TOWN OF POUGHKEEPSIE, and TOWN            :
BOARD OF THE TOWN OF                      :
POUGHKEEPSIE,                             :
        Defendants.                   :
--------------------------------------------------------------x

Briccetti, J:

      Before the Court are (i) plaintiffs' motion for leave to file a second amended complaint (Doc. #88); (ii) a motion to intervene in the action by members of the New Hamburg Neighborhood Association ("NHNA") (Doc. #124); and (iii) a proposed stipulation of settlement and discontinuance, which the parties seek to have so-ordered by the Court ("proposed settlement agreement"). (Doc. #142).

      For the following reasons, the motion for leave to file a second amended complaint is DENIED AS MOOT; the motion to intervene is DENIED; and the proposed settlement agreement has been so-ordered.

      Because the Court's decision on the motion to intervene affects the outcome of the remaining issues, the Court will address that motion first.

      I.      Motion to Intervene

      On February 17, 2017,[1] the NHNA moved to intervene in this action as of right, pursuant to Fed. R. Civ. P. 24(a)(2), which provides:

---

[1] The original motion was rejected by the Clerk because of a filing error (Doc. #113), and then re-filed on March 15, 2017.

1

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Proposed intervenors under this Rule "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." United States v. City of N.Y., 198 F.3d 360, 364 (2d Cir. 1999) (internal quotation marks omitted). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Id. (internal quotation marks omitted).

Here, the motion to intervene is not timely.

"Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994) (citing United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987)). "Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." Id. (citing NAACP v. New York, 413 U.S. 345, 366 (1973)).

Here, the proposed intervenors state they "learned for the _first time_ via letter to this Court dated January 11, 2017," that the parties were near a settlement of this action, and that "[i]t was not until Intervenors learned of this letter that they realized that the Town might not continue to defend the Local Laws, and would instead settle this action." (Intervenors' Br. at 10) (emphasis added). However, two months earlier, on November 14, 2016, the parties notified the Second

2

Circuit—in connection with an appeal of this Court's denial of plaintiff's motion for a preliminary injunction, of which the proposed intervenors were well aware—that "[a]ppellant ha[d] agreed to temporarily withdraw the appeal," because "the parties ha[d] agreed to return to mediation which [might] result in a resolution of the issues between the parties without the need for additional litigation." (Case No. 16-1561, Doc. #54-1). Therefore, the proposed intervenors knew or should have known of the real possibility of a settlement two months earlier than they claim.[2] The motion to intervene was not filed until February 17, 2017.

Although a three month delay may not be significant in many situations, under the circumstances here, it is critical. As plaintiffs stated in their March 27, 2017, letter to this Court:

> Over the past few months, the parties have engaged in extensive settlement efforts, including lengthy mediation sessions before retired Court of Appeals Judge Albert Rosenblatt, who provided keen insight and many years of judicial experience to help the parties see the weaknesses and strengths in their positions and the benefit of negotiating and reaching an agreement.

(Doc. #146). Moreover, the the parties have "been involved in . . . extensive investigations and expert analysis of the issues . . . over the course of the past several months," and the settlement was reached "only after collecting a significant amount of information concerning [plaintiffs'] operations and the issues of concern," among other things. (Id.).

Under all these circumstances, in an exercise of its discretion, the Court concludes that if it were to grant the proposed intervenors' motion at this late stage, that would result in extreme prejudice to plaintiffs and defendants. In particular, the parties have participated in months of negotiated settlement discussions, at "great expense, effort and compromise," with the assistance of a retained, highly qualified mediator, resulting in an amicable resolution of this complex case,

---

[2] Moreover, there is no question that many of the proposed intervenors have been closely following developments in this case, and even involved in this case, dating back to when the Court was considering plaintiffs' preliminary injunction motion. (Docs. ##45, 47, 49, 50).

3

which has been pending before the Court for more than seventeen months.  (Doc. #146).  To undo those efforts and the resulting proposed settlement agreement so the NHNA could intervene would be highly prejudicial to the parties, as well as inefficient and unjust.

Moreover, any possible prejudice to the proposed intervenors is slight.  The Town Board is entrusted to represent <u>all</u> Town residents, including the NHNA members.  To the extent the NHNA members believe their interests are not being represented, they may "pursue claims against the Town or seek relief based on their own private concerns or alleged private damages" in state court "where their individual grievances against the town more properly lie."  (Doc. #146).

Because the Court concludes the motion to intervene is not timely, it need not address the remainder of the requirements for intervention as of right.

    II.    <u>Motion for Leave to File a Second Amended Complaint and Proposed Settlement Agreement</u>

In light of the foregoing, the Court has so-ordered the proposed settlement agreement, which will bring this case to a close.  Accordingly, the motion for leave to file a second amended complaint is now moot.

**CONCLUSION**

The motion for leave to file a second amended complaint is DENIED AS MOOT. (Doc. #88). The motion to intervene is DENIED. (Doc. #124). The so-ordered settlement agreement will be docketed separately.

The Clerk is instructed to terminate the motions (Docs. ##88, 124) and close this case.

Dated: March 31, 2017
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge